# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES SPENCER | : | |
| Petitioner, | : | CIVIL ACTION NO. 3:13-1120 |
| v. | : | |
| DONNA ZICKEFOOSE, et al. | : | (MANNION, D.J.) (SCHWAB, M.J.) |
| Respondents. | : | |

# M E M O R A N D U M

Pending before the court is the June 7, 2013 report and recommendation, (Doc. No. 7), of Judge Susan E. Schwab[1] recommending that the petition for writ of habeas corpus, (Doc. No. 1), be dismissed, and petitioner's motion to transfer the case, (Doc. No. 2), be denied. Petitioner filed objections to the report and recommendation on July 8, 2013. (Doc. No. 8). After a *de novo* review of those portions of the report to which petitioner objects, the report and recommendation will be **ADOPTED IN FULL** and the petition for writ of habeas corpus will be **DISMISSED**. Petitioner's motion to transfer will be **DENIED**.

---

[1] Petitioner at times identifies Magistrate Judge Schwab as "Magistrate Schwab." The title magistrate no longer exists in the U.S. Courts, having been changed from "magistrate" to "magistrate judge" in 1990. Judicial Improvements Act of 1990, 104 Stat. 5089, Pub. L. No. 101-650, §321 (1990) ("After the enactment of this Act, each United States magistrate . . . shall be known as a United States magistrate judge."). Petitioner is reminded to use the correct title, in the future, when referring to Judge Schwab.

I.     **<u>Background</u>**

Petitioner James Spencer is a prisoner at the Allenwood Penitentiary in White Deer, Pennsylvania. In 1996, he was convicted of multiple firearm and Hobbs Act violations in the Eastern District of Pennsylvania, and was sentenced to life in prison. (Doc. No. 7, at 1). He filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255, which was denied by the Eastern District of Pennsylvania in March 2000. *See* Docket sheet, <u>United States v. Spencer</u>, 2:95-cr-00659 (E.D.Pa.). The Third Circuit denied the request for a certificate of appealability of his §2255 motion. <u>Id</u>. Petitioner then filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 claiming that his indictment was defective, that his trial counsel was ineffective, that his right to a fair trial was violated through prejudicial comments made by the government during closing arguments, and that he stood trial twice for the same crime. (Doc. No. 1). He also filed a motion to transfer the case to the Eastern District of Pennsylvania on the basis that relevant evidence and witnesses are located within that district. (Doc. No. 2).

Judge Schwab's report recommends dismissing petitioner's habeas petition on the grounds that he may not seek relief under §2241, but that his claims are instead properly brought as a motion pursuant to §2255. Judge Schwab accordingly recommends that petitioner's motion to transfer the case be denied. (Doc. No. 7).

## II. Standard of Review

When objections to the report and recommendation of a magistrate judge are timely filed, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010)(citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

**III.    Discussion**

Originally enacted in 1948 as the equivalent of the habeas writ, 28 U.S.C. §2255 requires that a federal prisoner's request for collateral review of a conviction or sentence must be brought by motion in the district of the criminal court.[2] The only exception allows a federal prisoner to bring a habeas petition if a §2255 motion proves "inadequate or ineffective" to test the legality of the petitioner's detention. 28 U.S.C. §2255; Davis v. United States, 417 U.S. 333, 343 (1974); Hill v. United States, 368 U.S. 424, 427 (1962); In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997); Application of Galante, 437 F.3d 1164, 1165 (3d Cir. 1971).

In 1996, Congress imposed limitations on the availability of collateral attack of convictions and sentences through amendments to §2255.[3]  The amendments retained the original provisions of §2255 and, among other things, added restrictions on an inmate's ability to bring a second or successive motion. The amendments required that a second or successive motion must be certified by the appropriate court of appeals. Id.  This

---

[2]Section 2255 of Title 28 of the United States Code was deemed necessary because a §2241 petition must be filed in the district where the prisoner is confined and the "few District courts in whose territorial jurisdiction major federal penal institutions are located were required to handle an inordinate number of habeas corpus actions far from the scene of the facts . . . solely because of the fortuitous concentration of federal prisons within the district." United States v. Hayman, 342 U.S. 205, 213-14 (1952).

[3]Antiterrorism and Effective Death Penalty Act, Pub.L. No. 104-132, 110 Stat. 1214, ("AEDPA").

4

"gatekeeping provision" restricts an inmate's ability to bring a second or successive motion by requiring the new motion to contain either newly discovered evidence that, if proven, would be sufficient to establish that the movant was not guilty, or a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. Id. While inmates may attempt to circumvent the gatekeeping provisions of §2255 by bringing a claim for collateral review of a conviction or sentence under §2241, §2241 is available to attack the validity of a conviction or sentence only where a §2255 motion is inadequate or ineffective.

Courts have found that a §2255 motion is inadequate or ineffective only where it is established "that some limitation of scope or procedure would prevent a §2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." Galante, 437 F.2d at 1165 (3d Cir. 1971)(quoting United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954)). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended §2255. The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." Id. at 539. The burden is on the petitioner

to demonstrate inadequacy or ineffectiveness. Galante, 437 F.2d at 1165.

The circumstances which make a §2255 motion inadequate or ineffective were also addressed by the courts in Triestman v. United States, 124 F.3d 361 (2d Cir. 1997), and In re Dorsainvil, supra. Both the Triestman and Dorsainvil courts held that a §2255 motion was only inadequate and ineffective where the denial of habeas relief would raise serious constitutional issues. Triestman, 124 F.3d at 377; Dorsainvil, 119 F.3d at 249. The serious constitutional issue presented in those cases was that a change in substantive law rendered the conduct for which the petitioner was convicted no longer criminal. Triestman, 124 F.3d at 366; Dorsainvil, 119 F.3d at 251. Thus, a high standard has been set for what a court will consider a serious constitutional issue sufficient to allow a petitioner to bring a §2241 petition to challenge a federal conviction or sentence.

The claims raised by petitioner, namely that his indictment and conviction should be vacated because his indictment was defective, his counsel was ineffective, his right to a fair trial was violated through prejudicial comments, and he stood trial twice for the same crime, are challenges to his conviction and sentence so as to bring them within the ambit of §2255. *See* Darby v. Hawk-Sawyer, 405 F.3d 942 (11th Cir. 2005). Petitioner alleges that §2255 relief is inadequate because this court will be unable to offer a full and fair hearing because all witnesses and evidence are in the Eastern District of Pennsylvania. (Doc. No. 8). This argument does not demonstrate that the

6

remedy under §2255 would be ineffective or inadequate. Petitioner has already made a motion under §2255 challenging his conviction in the Eastern District. *See* Docket sheet, United States v. Spencer, 2:95-cr-00659 (E.D.Pa.). He was denied relief, and his request for a certificate of appealability was denied. Id. But the fact that the petitioner can therefore not meet the procedural and gatekeeping requirements of 28 U.S.C. §2255 does not mean that a remedy under §2255 would be inadequate or ineffective. Cradle, 290 F.3d at 539. Petitioner may not circumvent the procedural requirements of §2255 by filing a petition under §2241. Id.

Because the petitioner has not established that a remedy pursuant to a §2255 motion is inadequate or ineffective to test the legality of his detention, he may not proceed with his §2241 petition. The court will **DISMISS** petitioner's petition for writ of habeas corpus. (Doc. No. 1). Petitioner cannot obtain relief under §2241, whether in this district or another. Thus, transferring the case would be futile. The court will accordingly **DENY** petitioner's motion to transfer the case to the Eastern District. (Doc. No. 2). The clerk is directed to close the case. A separate order shall issue.

s/ *Malachy E. Mannion*<br>
**MALACHY E. MANNION**<br>
**United States District Judge**

**Date: October 23, 2013**

O:\Mannion\shared\MEMORANDA - DJ\2013 MEMORANDA\13-1120-01.wpd

7